JONES, Justice
(dissenting):
I respectfully dissent. After reconsideration of the trial court’s order on remand, I would grant the application for rehearing and remand this cause for the trial court’s reconsideration of its order of remittitur. Without the benefit of a further evidentia-ry hearing, the trial court in its order stating its reasons for ordering a remittitur as a condition for denying the defendants’ motion for a new trial, sets out factual grounds not supported by the evidence of record, as well as improper legal conclusions. For example, the order recites the “fact” that any judgment in excess of $40,-000 would have a devastating economic impact on one of the defendants. At trial, there was no issue, and thus no evidence, of either defendant’s financial condition, *412 and no further evidence was taken on remand.
Additionally, the trial court found on remand that the remittitur was justified by the “fact” that the plaintiffs participated in the fraud, in face of this Court’s holding that “[Whether the plaintiffs participated in the fraud] was properly presented to the jury, and the jury found that [the plaintiffs] did not participate in the fraud.” Further, the trial court improperly speculated that “It is conceivable that the judgment against both defendants, Cooper Chevrolet and Motors Insurance Corporation, would ultimately have to be borne by Cooper Chevrolet....”
My dissent is not to be construed as expressing an opinion on the propriety of the trial court’s order of remittitur. Rather, I am saying that our Hammond remand procedure was intended to establish more definitive criteria for more consistent application in post-judgment proceedings where “excessiveness” of a jury’s award is alleged as a ground for a new trial. I continue to believe that our goal is a worthy one; but it is being thwarted, rather than enhanced, when we affirm a Hammond remand order based on evidence de-hors the record and on a misapplication of the law.
ALMON and SHORES, JJ., concur.